FRED P. WRIGHT, COMMISSIONER
for the Court:[1]
This is an appeal from the Chancery Court of Washington County, Mississippi, which came before the court on a bill of interpleader filed by Leland Compress Company, Inc.
The facts show that Rex Livingston and C. A. Tate, Jr., appellants, entered into contracts with Hohenberg Brothers Company, appellee, to sell certain cotton to them at a price of thirty cents a pound for all cotton delivered to the compress before December 7, 1973. Each of these contracts contained the following provisions:
“In case of loss prior to time warehouse receipts are issued, the loss shall be reported to the Buyer. Any insurance settlement shall be for Producer and Seller’s account with no further obligation to Buyer.
“In case of loss after warehouse receipts have been issued, the cotton shall be considered the property of Buyer and shall be billed on the contract at contract price.”
The facts were largely submitted to the court by stipulation of the parties and testimony of two witnesses. The proof is without substantial conflict. The facts show that the appellants delivered twenty-six bales of cotton to the compress on October 10, 1973. Upon delivery the cotton was weighed, tagged, a weight sheet completed and had attached a warehouse tag which was numbered and corresponded to the final warehouse receipt number. All the information required for the completed warehouse receipt was furnished at the time of *105 the delivery of the cotton. After the delivery of the cotton there was a fire in which the cotton was burned. The fire occurred also on October 10, 1973. The warehouse receipts were shown to have been back dated as being issued on October 10, 1973 and bore that date. The facts showed that the warehouse receipts were actually completed and issued the following day, being October 11, 1973.
The insurance carrier for the compress paid it the amount of Nine Thousand Three Hundred Seventeen and 85/100 ($9,317.85) Dollars for the damaged cotton, representing the full market value of it. Appellants claimed the entire proceeds of the insurance and the appellee admits that appellants are entitled to the contract price of thirty cents a pound, but claim the excess over the thirty cents a pound.
The chancery court found in favor of the appellee and awarded appellants the contract price of thirty cents a pound for the cotton in question and awarded Five Thousand Two Hundred Forty-nine and 19/100 ($5,249.19) Dollars to appellee as the difference between the contract price of thirty cents a pound and the total insurance proceeds which represented the fair market value at the time of the loss.
The question to be determined is whether the warehouse receipts were issued as provided in the contracts. The meaning of the words in the contracts “are issued” and “have been issued” will be determinative of the question.
48 C.J.S. Issue, at page 778 (1947) defines the meaning of the word “issued” and states as follows:
“ ‘Issued.’ The past participle of the verb ‘issue’. It is defined as meaning emitted or sent forth; delivered or put into circulation; delivered to the purchaser; caused to go forth or to be delivered; assigned, transferred, or delivered; sent out. When used with reference to instruments transferring title to land the word ‘issued’ means ‘delivered’.”
Also in 48 C.J.S. Issue, at page 783 (1947), the following is stated:
“In Commercial Law Generally.
“In general. The word ‘issue,’ as a commercial or financial term, is employed both as a noun and as a verb, and has several phases of meaning.
“As a noun. In one sense, used as a noun, the term indicates a set, a class or series of securities comprising all that are emitted at one and the same time. In a different sense the word means the delivery of an instrument for use and circulation, and, particularly with reference to negotiable securities, it is defined in the words of the Negotiable Instruments Act as the first delivery of the instrument, complete in form, to a person who takes as holder.
“As a verb. In its ordinary commercial or financial sense, the word ‘issue,’ as a verb, means to emit, put into circulation, or dispose of securities already authorized and prepared for distribution; and it has a restricted, special, and almost technical meaning when used with reference to other particular transactions. It also may be employed in connection with commercial or financial transactions or instruments in its ordinary sense and having its ordinary significance, and with no technical meaning.”
In the Mississippi Uniform Commercial Code, Section 75-3-102, Mississippi Code (1972), Definitions and Index of Definitions, it is stated:
“(1) In this chapter unless the context otherwise requires
(a) ‘Issue’ means the first delivery of an instrument to a holder or remitter.”
It thus appears that the words “are issued” and “have been issued” used in the contracts between the appellants and appel-lee mean that the warehouse receipts not only must have been complete in form and signed as required by Section 75-7-202, Mississippi Code (1972), but must have been delivered to the proper party entitled to receive them. The facts show that warehouse receipts were not completed before the cotton was burned, and were not completed until the following day. It does not affirmatively appear that the warehouse *106 receipts were signed on October 10, 1973 prior to the loss. Under the facts as exist here the warehouse receipts were not issued prior to the loss as provided by the contracts between the parties.
The language of the contracts place the risk of loss before the issuance of the warehouse receipts on the sellers and the risk of loss after the warehouse receipts had been issued on the buyer. The cotton was burned and the loss occurred before the warehouse receipts had been issued as called for in the contracts.
It thus follows that the sellers are entitled to the entire proceeds of the insurance settlement since the loss occurred prior to the time the warehouse receipts were issued.
The decree of the chancery court is reversed and judgment is rendered here for the appellants.
REVERSED AND RENDERED.
GILLESPIE, C. J., PATTERSON and IN-ZER, P. JJ., and SMITH, ROBERTSON, SUGG, WALKER, BROOM and LEE, JJ., concur.

. Sitting pursuant to Chapter 430, Laws of 1976. The above opinion adopted as the opinion of the Court.